IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BRODIE RICE | : | CIVIL ACTION NO. 3:20-cv-00581 |
| Plaintiff | | |
| VERSUS | : | JUDGE: _____ |
| SODEXO REMOTE SITES LLC and/or SODEXO REMOTE SITES USA INC., ALASKA NATIONAL INSURANCE COMPANY, and HESS CORPORATION, A DELAWARE CORPORATION | : | MAGISTRATE JUDGE: _____ |
| Defendant | | |

**COMPLAINT**

TO THE HONORABLE COURT:

APPEARING NOW, plaintiff, BRODIE RICE, a person of full age of majority, residing in Kinder, Allen Parish, who through the undersigned counsel, and respectfully states, alleges as follows:

1.

Made defendants herein are:

a. **SODEXO REMOTE SITES LLC and/or SODEXO REMOTE SITES USA INC., hereafter called "SODEXO"** a foreign business corporation doing business in the State of Louisiana, who may be served through its agent of service of process, Corporate Creations Network, Inc., 1071-B West Causeway Approach, Mandeville, Louisiana 70471;

b. **ALASKA NATIONAL INSURANCE COMPANY**, a foreign insurance company who may be served through its agent for service of legal process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809;

c. **HESS CORPORATION, A DELAWARE CORPORATION, hereafter called "HESS CORPORATION"** a foreign business corporation doing business in the State of Louisiana, who may be served through its agent of service of process, C. T. Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

2.

Jurisdiction is proper under 28 U.S.C. Section 1332 in that the plaintiff and defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3.

Venue is proper under 28 U.S.C. Section 1391 (b)(1) in that East Baton Rouge Parish is the residence of the defendants, Hess Corporation and Alaska National Insurance, for the purposes of venue.

4.

On or about October 3, 2019, at approximately 4:30 a.m., petitioner, Brodie Rice, was working off the coast of Mexico on the fixed platform rig Stampede, which was owned and operated by the defendant, Hess Corporation. Petitioner was descending an inboard flight of stairs from his office, when suddenly and without warning, he slipped on the slick stairs, causing his body to be jolted and twisted, thereby causing the damages and injuries as set forth below.

5.

Upon information and belief, SODEXO, was the cleaning company hired to clean the rig Stampede at the time of this incident.

6.

The aforesaid incident was in no way attributable to the fault of petitioner, Brodie Rice, but on the contrary, was due to the fault and responsibility of defendant, SODEXO, its agents, servants, and employees, whose fault includes, but is not limited to:

  a. Failure to provide a safe environment;

  b. Polishing the stairs caused a slipping hazard;

  c. Polishing no-slip strips to cause a slipping hazard;

  d. Failing to maintain the stairs in a safe condition;

  e. Failing to inspect the premises;

  f. Failing to warn petitioner, Brodie Rice, of the unsafe condition when the defendant knew or should have known of the unsafe condition of the stairs;

7.

The aforesaid incident was in no way attributable to the fault of petitioner, Brodie Rice, but on the contrary, was due to the fault and responsibility of defendant, HESS CORPORATION, its agents, servants, and employees, whose fault includes, but is not limited to:

  a. Failure to provide a safe environment on its fixed platform rig;

  b. Failing to maintain the stairs in a safe condition;

  c. Allowing the no-slip strips on the stairs to be polished;

  d. Allowing the stairs to remain in a slippery condition;

  d. Causing a slipping hazard by authorizing the polishing of the stairs and the no slip strips;

  e. Failing to inspect the premises;

  f. Failing to warn petitioner, Brodie Rice, of the slick condition of the stairs when the defendant knew or should have known that the slick stairs created an unsafe

condition;

8.

As a result of the incident, petitioner, Brodie Rice, suffered injuries and damages, including, but not limited to, back pain which required surgery, radiculopathy into his legs which is worse on the left side, depression, anxiety and trouble sleeping.

9.

As a result of the incident, petitioner, Brodie Rice, has sustained and will continue to sustain: past, present and future: medical expenses; physical and mental pain, and suffering; disability; lost wages; loss of future earning capacity; scarring; loss of enjoyment of life for which he is entitled to recover such damages as are reasonable in the premises.

10.

Upon information and belief, petitioner, Brodie Rice, further alleges that at the time that he slipped on the stairs, the, defendant, Alaska National Insurance Company, had in full-force and effect a policy or policies of liability insurance issued to defendant, Sodexo Remote Sites LLC and/or Sodexo Remote Sites USA Inc., whereby the said defendant, Alaska National Insurance Company, agreed to insure and indemnify defendant, Sodexo Remote Sites LLC and/or Sodexo Remote Sites USA Inc., its agents, servants, and employees against any liability resulting from accident or injuries to workers on the rig.

9.

Petitioner, Brodie Rice, avers that at this time his damages do exceed the jurisdictional amount necessary for a trial by jury.

WHEREFORE, petitioner, Brodie Rice, prays that defendants, Sodexo Remote Sites LLC and/or Sodexo Remote Sites USA Inc., Alaska National Insurance Company, and Hess Corporation, A Delaware Corporation be duly served with a copy of the foregoing petition and cited to appear and answer same, and after the lapse of all legal delays and due proceedings had, that there be judgment herein in favor of petitioner, Brodie Rice, and against defendants, Sodexo Remote Sites LLC and/or Sodexo Remote Sites USA Inc., Alaska National Insurance Company, and Hess Corporation, a Delaware Corporation for such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

Petitioner further prays for such additional relief as law, equity and the nature of the case may permit.

        By His Attorneys,

        BAGGETT, McCALL, BURGESS, WATSON & GAUGHAN, L.L.C.

        S/ Zita M. Andrus
        **ROGER G, BURGESS (#3665)**
        **ZITA M. ANDRUS (#31794)**
        3006 Country Club Road
        Post Office Drawer 7820
        Lake Charles, Louisiana 70606-7820
        (337) 478-8888
        (337) 478-8946
        rburgess@baggettmccall.com
        zandrus@baggettmccall.com