UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRODIE RICE                                                    CIVIL ACTION

VERSUS                                                   NO. 20-581-JWD-RLB

SODEXO REMOTE SITES,
LLC, ET AL.

**ORDER**

Before the Court is StarStone National Insurance Company's ("StarStone") second Motion to Intervene (R. Doc. 18) filed on January 8, 2020.

The basis for the Court's subject matter in this action is diversity jurisdiction under 28 U.S.C. § 1332. (R. Docs. 1, 10). Plaintiff asserts that two of the Defendants, Sodexo Remote Sites, LLC and Hess Corporation, are citizens of the State of Delaware. (R. Doc. 10).

On December 7, 2020, StarStone filed its first Motion to Intervene. (R. Doc. 16). That motion first raised the issue of whether the Court may continue to exercise diversity jurisdiction after the addition of StarStone as an intervenor-plaintiff. "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 . . . the district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). The Court denied StarStone's first Motion to Intervene because it was unclear whether the addition of StarStone as a intervenor-plaintiff would destroy complete diversity. (R. Doc. 17). The Court provided StarStone with leave to file a renewed motion with a proposed pleading indicating its citizenship.

StarStone's second Motion to Intervene submits a proposed pleading alleging that StarStone is "domiciled in Delaware and has its principal place of business in Seattle, Washington." (R. Doc 18-1 at 1). For citizenship purposes, corporations do not have domiciles. The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). It appears that StarStone is attempting to allege that it is incorporated in Delaware. If so, its addition as an intervenor-plaintiff would destroy complete diversity because two Defendants, Sodexo Remote Sites, LLC and Hess Corporation, are citizens of the State of Delaware. Accordingly, the Court will require StarStone to refile its motion with a proposed pleading asserting its state of incorporation and principal place of business.

Based on the foregoing,

**IT IS ORDERED** that StarStone National Insurance Company's Motion to Intervene (R. Doc. 18) is **DENIED** without prejudice to refile with a proposed pleading indicating the citizenship of the proposed intervenor-plaintiff. Any future Motion to Intervene must identify whether it is opposed.

Signed in Baton Rouge, Louisiana, on January 14, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**